1  Raymond J. Steele
   State Bar Number 007293
2  **Law Office of Raymond J. Steele**
   501 West Ray Road, Suite 8
3  Chandler, AZ 85225
   Telephone: (480) 899-8615
4  Facsimile: (480) 899-0629
   Email: Raymondjsteele@qwestoffice.net
5  Attorney for Debtor(s)

6

7          **United States Bankruptcy Court for the District of Arizona**

8

9  *In re:*                                        Case No. 4-09-bk-21990-JMM

10         Robert W. Brand,
                                                    Chapter 13
11 *and*

12         Margaret A. Brand,                       **Chapter 13 Plan and Application for
                                                    Payment of Administrative Expenses**
13                                *Debtors.*

14

15                            **DEBTORS' PLAN**

16         1.      **Income Available for Plan Distribution.**  The Debtors will turnover to the supervision

17 and control of the Trustee the following amounts of future income which are necessary for the execution

18 of this plan.

19                a.      **Plan Payments.**  The Debtors will pay to the Trustee $855.00 per month,

20 beginning October 13, 2009.  Future plan payments will be due on or before the 25th day of each month.

21  The Debtors are instructed to remit all plan payments on or before the monthly due date.  When plan

22 payments are remitted late, additional interest may accrue on secured debts, which may result in a

23 funding shortfall at the end of the plan term.  Any funding shortfall must be cured before a discharge is

24 entered.  This requirement applies regardless of plan payment suspensions, waiver and moratoriums.

25 In addition, the Debtors shall pay $1,790.74 per month to the Chapter 13 Trustee starting October 1,

26 2009, to be paid to the debt secured by the Debtors' residence that accrue during the pendency of the

27 Chapter 13 Plan.

28                b.      **Additional Property or Income.**  Should the Debtors turn over other property

                                                1

1 or income to the Trustee, it shall be treated as advance plan payments, except for nonexempt property

2 or property recovered by the Trustee, or unless the Court orders otherwise.

3         c.     **Plan Duration.** Plan payments shall continue for 60 months but, if all allowed

4 claims are paid, the plan shall terminate. Should other property or income, except for property recovered

5 by the Trustee or which is nonexempt, be submitted for distribution under paragraph 1.b. above, the plan

6 duration will be reduced accordingly. Except the duration will not decrease to less than 36 months

7 unless all allowed claims are paid, at which time the plan will end.

8         d.     **Tax Returns and Domestic Support Orders.** The Debtors are required to

9 provide, directly to the Trustee within thirty (30) days after the returns are filed, a copy of the federal

10 and state income tax returns for the first and second years of the plan. (Tax years 2009 and 2010.) The

11 Debtors certify that they are current on all required tax return filings and any Domestic Support Orders

12 that may apply. The Debtors agree to keep current the filing of all required post petition tax returns as

13 well as making all payments due on such returns.

14     2.     **Classification of Claims**

15         a.     **Standing Trustee Percentage Fee.** The Trustee shall receive such percentage

16 fee of the plan payments as may periodically be fixed by the Attorney General Pursuant to 28 U.S.C.

17 Section 586(e), but not to exceed 10%.

18         b.     **Debtors' Attorney's Fees and Application for Payment of Administrative**

19 **Expenses.** The Trustee, from available funds, will pay $2,750.00 to the Law Office of Raymond J. Steele

20 prior to payment on any other claim. The applicant as Attorney for the Debtors will perform those

21 services necessary for the confirmation of Debtors' plan. The administrative claim is made for services

22 which include, interviews with the Debtors, the preparation of the Debtors' Petition, Chapter 13

23 Statement, Plan, Plan Analysis, Master Mailing List, appearance at the 341 meeting, negotiation with

24 the Trustee and the Creditors, all required mailings, appearance at the Confirmation Hearing, if required,

25 and preparation of the Order Confirming. The administrative claim is based on a flat fee except for any

26 additional costs and fees that may be due for Contested Matters, Adversary Proceedings, Modified or

27 Amended Plans. Should this case be dismissed prior to being confirmed or converted to a Chapter 7,

28 the Trustee will pay this administrative claim from plan payments on hand before any other distribution

except for any fees and costs the Trustee may have incurred.

| Debtors' Attorney | Fee Requested |
|---|---|
| Raymond Steele | 2,750.00 |

3.      **Mortgage Arrears.**

a.      The following creditor will retain its lien which secures its interest in the real property located at 1245 West Pinkley Ave., Coolidge, AZ 85228.

b.      Pursuant to A.R.S. 33-1101 the Debtors will claim a homestead exemption in the above described real property and will be allowed to sell, mortgage, transfer, or use the property for any lawful purpose without the need for any further court order.  However, the Debtors must seek and obtain the permission of the Trustee prior to any sale, mortgage, or transfer of the real property.  The Debtors must also take into consideration any security interest that encumbers the real property.

c.      The current regular monthly payments will be paid by the Debtors and will start on the first due date after the date of the filing of the petition and will be paid directly to the creditor and will not be paid under the plan.

d.      As specified below, the Debtors will cure the arrearage that exists on the date of the filing of the petition.  The term arrearage for all purposes under this plan will include missed payments, late fees, attorney fees, and other allowed costs as stated in the lien holders proof of claim, unless the Debtors object to the amount, in which case the arrearage will be an amount agreed to by the parties or ultimately decided by the court.  No prepetition payment will be deemed late and the agreement which is the basis for a claim will not be deemed to be in default as a result of any mortgage arrears cured under this plan. Should any trustee sale or foreclosure be pending, it will not be continued after the confirmation of the plan.  The arrearage will be paid in full, without interest, prior to the payment of any claims that follow, except for any allowed adequate protection payments.

| Creditor | Collateral | % Rate | Arrears | Value |
|---|---|---|---|---|
| Wells Fargo | Home | 0% | 5,921.71 | 92,000.00 |

4.      **Second Mortgage Negative Equity Provision.**  The junior security interest of Select Portfolio Servicing, Account No. 0009969296, shall be and is hereby avoided as a wholly unsecured lien

3

1  and any claim of said creditor shall be classified and paid as a general unsecured claim. 11 U.S.C.

2  §1322; 11 U.S.C. §506; Bankruptcy Rule 3012;In re: Lamb, 211 B.R. 36 (Bap 9th Circuit 1997); In re:

3  Zimmer, 313 Fd. 2d 1220 (9th Circuit 2002). Confirmation of this plan shall constitute a determination

4  of value by the court under Bankruptcy Rule 3012 and 11 U.S.C. §506 that the lien of said creditor is

5  wholly unsecured as there is no equity in Debtors' home beyond the first mortgage since the value of

6  the real property is less than the balance of the first mortgage.

7  The property is located at 1245 West Pinkley Ave., Coolidge, AZ 85228 and legally described

8  as Lot 245, REPLAT OF CARTER RANCH, according to Cabinet E, Slide 60, records of Pinal County,

9  Arizona.

10  Service of this plan on said creditor shall constitute sufficient notice under Rule 3012 that

11  valuation will take place.

12  Upon confirmation of this plan the real property vests in Debtors' free and clear of the wholly

13  unsecured junior lien of Select Portfolio Servicing and Select Portfolio Servicing shall record a release

14  and or reconveyance of deed of trust with the county recorder of the county in which the real property

15  is located. The Stipulated Order Confirming Chapter 13 Plan and Approving Payment of Administrative

16  Expense may also be recorded as a release and reconveyance of deed of trust.

17  5.  **Secured Claims.** The following creditors will retain their respective liens which secure

18  their claims. The creditors will be paid the net amount due them as of the filing of the Debtors' petition

19  or the value of the collateral to which the creditor's lien attaches, whichever is less. Interest will be paid

20  at the contract rate or the amount stated below, whichever is less. Upon payment of the secured portion

21  of the claim, the creditor will release its security interest. Any portion not paid, will be classified and

22  paid as an unsecured claim with any portion not paid being discharged. Any creditor or claim not

23  specifically listed in this paragraph will be designated as an unsecured claim. Should any creditor not

24  listed in this paragraph claim to be secured, the creditor must file a timely objection to this plan. Should

25  no objection be filed, then those claims will be treated as nonpriority unsecured claims. Should any

26  secured creditor receive adequate protection payment prior to or after confirmation, the creditors secured

27  claim will be reduced accordingly. Claims classified as secured will be paid in full prior to payment on

28  any claims that follow.

| Creditor | Collateral | % Rate | Value |
|---|---|---|---|
| Chase Auto Finance | 2007 Chevrolet Tahoe | 6% | 30,712.00 |

6.     **Adequate Protection.** Chase Auto Finance has a perfected security interest in a 2007 Chevrolet Tahoe.  The Chapter 13 Trustee will make monthly disbursements in the amount of $307.12 which is equal to 1% of the secured claim.  These monthly disbursements will continue until such time as Chase Auto Finance begins to receive regular monthly payments under the terms of this plan.

7.     **Tax Claims.**  All tax claims not specifically allowed will be classified and paid as unsecured claims and any portion not paid will be discharged.  Should any tax authority disagree with its treatment in this plan, the tax authority must file a timely objection.  Should no objection be filed, this will indicate that the tax authority consents to its treatment under this plan.  Any taxes not paid by the plan or a claim that is not allowed shall be discharged except as provided by 11 U.S.C. § 1328(a).

8.     **Unsecured Creditors.** All claims not specifically provided for above, whether listed in the Debtors' schedules or omitted therefrom, shall be classified as unsecured.  Unsecured claims shall be paid the balance of payments under the plan, pro rata, without interest.  Any amounts not paid shall be discharged.  A creditor filing a secured Proof of Claim but not paid as secured by this plan shall be classified and paid as an unsecured claim in accordance with this plan.

9.     **Objections.**    Creditors will be provided for as stated in this plan regardless of the secured amount stated in their Proof of Claim.  Creditors not agreeing with their treatment under the terms of this plan will serve a copy of said claim, proof of security, and an objection to the plan upon Debtors' counsel so that a valuation hearing may be scheduled.  If a secured creditor does not file a timely objection to the confirmation of this plan, than it is deemed to have accepted treatment of its claim under the plan and the amount paid on the secured claim 11 U.S.C. Section 1325(a)(5)(A). If a creditor files a Proof of Claim showing a secured balance lower than provided for in the plan or showing no secured balance, the claim may be treated as an agreement to accept a lesser amount and the secured balance in the plan will be reduced to the secured balance stated in the Proof of Claim.  Confirmation of the plan binds all claimants to treatment of the claims as provided for in this plan.  The binding effect is regardless of the secured amount stated in any Proof of Claim which may be filed.

1    10.    **Trustee Payment Disbursal Authority.** The Trustee, from the Debtors' future earnings

2    or other available funds, will make payments in the amounts and order as provided for in the Debtors'

3    plan. All dates for beginning of payments and exact payment amounts to the above scheduled creditors

4    are estimates and may be adjusted by the Trustee as necessary to carry out the terms of this plan. The

5    Trustee may make payments earlier than scheduled should funds be available. Interest rates contained

6    in the plan will control and will not be increased or reduced without further court order. The Trustee

7    has the authority to pay the secured claims contained in the plan even though no secured Proofs of Claim

8    have been filed. The plan and this order shall not constitute an informal Proof of Claim for and Creditor.

9    11.    **Secured Claims in Absence of Proof of Claim.** If a Creditor fails to file a secured claim

10   before confirmation or files a wholly unsecured claim, the Debtors may delete the proposed payment of

11   a secured claim in a proposed order confirming the plan with no additional notice. If a Creditor files a

12   secured claim in an amount less than that proposed in the plan, then the secured claim amount will be

13   the amount paid.

14   12.    **Miscellaneous Provisions.** Confirmation of the plan will vest property of the estate in

15   the Debtors. The Debtors may sell, use, or encumber the property in any manner without any further

16   court order. The plan will become effective the date the plan is confirmed.

17

18   _____October 13, 2009_____          Law Office of Raymond J. Steele
                  Date

19                                            _____/s/RJS007293_____

20                                            Raymond J. Steele
                                              Attorney for Debtors

21   The Debtors approve this plan and declare that all Federal and state tax returns that are required to be
22   filed [✓] have been filed [ ] will be filed within 30 days of the date of the filing of my bankruptcy
     petition.
23

24                                            _____/s/Robert W. Brand_____
                                              Robert W. Brand
25                                            Debtor

26

27                                            _____/s/Margaret A. Brand_____
                                              Margaret A. Brand
28                                            Debtor

6

# Plan Analysis

Debtor:     Robert & Margaret Brand
Case No.     4-09-bk-21990-JMM
Prior Chapter 7:   No
Prior Chapter 13:   No
Estimated Length of Plan: 60 Months

Trustee Use
Sec. 341 Meeting Date:  _____
Continued:     _____
Confirmed Date:    _____


### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | | |
|---|---|---:|
| A. | TOTAL PRIORITY CLAIMS | |
| | 1. Unpaid attorney's fees | 2,750.00 |
| | 2. Taxes | 00.00 |
| | 3. Other | 00.00 |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULT | 5,921.71 |
| C. | TOTAL OF PAYMENTS ON SECURED CLAIMS | 36,582.22 |
| D. | TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS | 916.07 |
| E. | SUB-TOTAL | 46,170.00 |
| F. | TOTAL TRUSTEE'S COMPENSATION (10.00% of debtor's payments) | 5,130.00 |
| G. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES | 51,300.00 |


### RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| H. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | 675.00 |
| | 2. Plus: value of property recoverable under avoiding powers | 00.00 |
| | 3. Less: estimated Chapter 7 administrative expenses | 206.25 |
| | 4. Less: amounts payable to priority creditors other than costs of administration | 00.00 |
| | 5. Equals: estimated amount payable to general unsecured creditors if Chapter 7 filed (if negative, enter zero) | 468.75 |
| I. | ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | 468.75 |
| J. | ESTIMATED DIVIDEND UNDER PLAN | 916.07 |


IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.